Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| James Randall; and Marcella Randall;<br><br>Plaintiffs,<br><br>v.<br><br>Autovest, LLC; and Fulton, Friedman & Gullace, LLP;<br><br>Defendants. | No.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

## I. Preliminary Statement

1. Plaintiffs bring this action for damages based upon Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*. In the course of attempting to collect a debt allegedly owed by Plaintiffs, Defendants engaged in deceptive, unfair and abusive debt collection practices in violation of the FDCPA. Plaintiffs seek to recover actual damages and statutory damages, together with reasonable attorney's fees and costs.

## II. JURISDICTION

2. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. Venue lies in the Phoenix Division of the District of Arizona as Plaintiffs' claims arose from acts of the Defendants perpetrated therein.

## III. PARTIES

3. Plaintiffs are natural persons who reside in Maricopa County, Arizona.

4. Plaintiffs are allegedly obligated to pay a debt which was incurred for personal, family, or household purposes.

5. Plaintiffs are "consumers" as that term is defined by FDCPA § 1692a(3).

6. Defendant Autovest, LLC is a Michigan limited liability company registered to do business within the state of Arizona.

7. Autovest collects or attempts to collect debts which it claims to have purchased or to have been assigned after default.

8. Autovest is a "debt collector" as that term is defined by FDCPA § 1692a(6).

9. Defendant Fulton, Friedman & Gullace, LLP ("FFG") is a New York limited liability partnership with offices in Arizona.

10. FFG is a consumer debt collection law firm that regularly collects or attempts to collect debts owed or asserted to be owed or due another, from residents within the State of Arizona.

11. FFG is a "debt collector" as that term is defined by FDCPA § 1692a(6).

12. FFG's collection actions taken against Plaintiffs were taken on behalf of, and as agent for, Autovest.

## IV. Factual Allegations

13. In or about December 31, 2006, Plaintiffs purchased a 2005 Nissan Altima from Peoria Nissan for personal, family, or household purposes.

14. In order to purchase the Altima, Plaintiffs entered into a Motor Vehicle Retail Installment Sales Contract and Purchase Money Security Agreement ("RISC") with Peoria Nissan.

15. Peoria Nissan subsequently assigned the RISC to Wells Fargo Bank, N.A.

16. Sometime later, Plaintiffs fell behind on their monthly payments owed under the RISC, and Wells Fargo repossessed the Altima on or about September 25, 2009.

17. After the repossession, Wells Fargo sold the Altima on or about October 21, 2009 and applied the sales proceeds to the balance owed under the RISC.

18. After applying the sales proceeds to the balance on the account, Wells Fargo claimed that Plaintiffs owed a deficiency balance.

19. Autovest asserts that it purchased Plaintiffs' Wells Fargo contract sometime after default and repossession.

20. Autovest subsequently hired FFG to assist it in collecting the claimed deficiency balance from Plaintiffs.

21. Arizona Revised Statute § 47-2725(A) provides that "An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued."

22. More than five years after the repossession, on November 17, 2014, FFG filed suit on behalf of Autovest against Plaintiffs in the Maricopa

County Superior Court in an attempt to collect the alleged deficiency balance.

23. At the time Defendants filed the suit, they misrepresented to Plaintiffs the status of the debt, including that the debt was not stale, and that the suit was filed within the applicable statute of limitations.

24. At the time Defendants filed suit against Plaintiffs, Autovest knew that the debt had been in default for over four years.

25. At the time Defendants filed suit against Plaintiffs, Autovest knew that the statute of limitations to collect on a RISC was four years under Arizona law.

26. At no time before or after filing the lawsuit did Autovest inform Plaintiffs that the debt was stale and past the statute of limitations.

27. At the time Defendants filed suit against Plaintiffs, FFG knew that the debt had been in default for over four years.

28. At the time Defendants filed suit against Plaintiffs, FFG knew that the statute of limitations to collect on a RISC was four years under Arizona law.

29. Despite knowing that their claim was stale, Defendants continued to pursue the lawsuit against Plaintiffs.

30. As a result of Defendants' actions as outlined above, Plaintiffs have suffered actual damages including, but not limited to, emotional distress, anxiety, worry, invasion of privacy, loss of opportunity, damage to credit and reputation, and other extreme emotional distress.

31. Defendants' actions as outlined above were intentional, willful, and in gross or reckless disregard of Plaintiffs' rights, and part of Defendants'

persistent and routine practice of debt collection.

32. In the alternative, Defendants' actions were negligent.

## V. Causes of Action

### a. Fair Debt Collection Practices Act

33. Plaintiffs repeat, reallege, and incorporate by reference the foregoing paragraphs.

34. Defendants' violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), 1692f, and 1692f(1).

35. As a direct result and proximate cause of Defendants' actions taken in violation of the FDCPA, Plaintiffs have suffered actual damages.

## VI. DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all issues so triable.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that judgment be entered against Defendants for:

a) Actual damages under the FDCPA;

b) Statutory damages under the FDCPA;

c) Costs and reasonable attorney's fees pursuant to the FDCPA; and

d) Such other relief as may be just and proper.

/ / /

/ / /

DATED August 18, 2015 .

s/ Floyd W. Bybee
Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiffs